## PEOPLE v HUMPHREY

Docket No. 80719. Submitted May 16, 1985, at Detroit.—Decided August 6, 1985.

Carnell R. Humphrey was convicted of voluntary manslaughter as an aider and abettor, Wayne Circuit Court. He was sentenced on May 12, 1982, to from 7-1/2 to 15 years in prison. He appealed and the Court of Appeals, in an unpublished per curiam opinion, Docket Nos. 66263, 66267, released April 11, 1984, remanded for resentencing. The court, Harold M. Ryan, J., on July 30, 1984, sentenced defendant to from 7-1/2 to 15 years in prison. In so doing, the court ruled that the sentencing guidelines were not applicable. Defendant appealed. *Held:*

Use of the sentencing guidelines is mandatory where a defendant is resentenced on or after March 1, 1984.

Reversed and remanded.

CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — RESENTENCING.

Use of the sentencing guidelines is mandatory where a defendant is resentenced on or after March 1, 1984 (Administrative Order Nos. 1984-1, 1985-2).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg),* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Criminal Law § 525 *et seq.*
See the annotations in the ALR3d/4th Quick Index under topic Sentence and Punishment.

Before: M. J. KELLY, P.J., and MACKENZIE and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant was convicted by a jury of voluntary manslaughter as an aider and abettor, MCL 750.321; MSA 28.553 and MCL 767.39; MSA 28.979. He and his codefendant, Lester Simmons, were represented by the same attorney at trial and sentencing. Defendant was sentenced to prison on May 12, 1982, for a term of from 7-1/2 to 15 years and appealed as of right. In an unpublished per curiam opinion, *People v Simmons,* Docket Nos. 66263 and 66267, decided April 11, 1984, this Court determined that defendant had been denied effective assistance of counsel at sentencing and remanded his case for resentencing. On July 30, 1984, defendant was once again sentenced to prison for a term of from 7-1/2 to 15 years and appeals as of right, claiming the trial court erred in not using the sentencing guidelines and that the sentence imposed shocks the conscience.

In response to defense counsel's argument at resentencing, the trial court ruled that the sentencing guidelines were not applicable to defendant's case as they had not been in effect at the time defendant's original sentence was imposed. We find this conclusion by the trial court to be erroneous. Pursuant to Administrative Order No. 1984-1 of the Michigan Supreme Court, use of the sentencing guidelines manual by circuit court judges when imposing sentence was made mandatory for a period of one year, effective March 1, 1984. 418 Mich lxxx (1984). This period was later extended indefinitely. Administrative Order No.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

1985-2, 420 Mich — (1985). Administrative Order No. 1984-1 provides in pertinent part as follows:

"[E]very judge of all circuit courts and of the Recorder's Court of Detroit shall, for a period of one year beginning March 1, 1984, use the guidelines when imposing a sentence for an offense that is included in the guidelines".

Defendant's resentencing by the trial court took place on July 30, 1984, several months after use of the guidelines was made mandatory. That defendant previously had been sentenced at a time when use of the sentencing guidelines was not yet mandatory is of no consequence. The language of Administrative Order No. 1984-1, quoted above, permits no exceptions. We therefore hold that use of the sentencing guidelines is mandated whenever a defendant is resentenced on or after March 1, 1984, regardless of the date of his or her original sentencing. We reverse defendant's sentence and remand his case to the trial court for resentencing in conformity with this opinion.

Reversed and remanded.